# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

MANUEL SHOTWELL,

Petitioner,

v.

A. A. LaMARQUE,

Respondent.

1:04-cv-06496-OWW-TAG HC

ORDER GRANTING PETITIONER'S MOTION TO STAY AND ABEY PROCEEDINGS (Doc. 15)

ORDER DIRECTING PETITIONER TO FILE STATUS REPORTS

ORDER FOR PETITIONER TO FILE MOTION REGARDING PENDING MOTION FOR VOLUNTARY DISMISSAL (Doc. 7)

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. On May 18, 2004, Petitioner filed a petition for writ of habeas corpus in the United States District Court for the Northern District of California. By order of the Court dated October 27, 2004, the action was transferred to the United States District Court for the Eastern District of California, and on November 2, 2004, the petition was filed in the Eastern District of California. (Doc. 1). On November 22, 2004, the Court denied Petitioner's motion for appointment of counsel. (Doc. 4). On December 13, 2004, Petitioner filed a motion to voluntarily dismiss the petition in order to exhaust unexhausted claims in state court. ("Motion to Dismiss")(Doc. 7). The Motion to Dismiss is still pending.

On December 8, 2004, Petitioner had filed a motion to reconsider the Court's denial of his request for appointed counsel, asserting mental disabilities that prevented Petitioner from fully comprehending these habeas proceedings . (Doc. 6). On February 22, 2005, the Court granted Petitioner's motion to reconsider and appointed the Federal Public Defender to act as Petitioner's counsel for Petitioner. (Doc. 9). Present counsel was substituted for the Federal Public Defender by order of the Court on May 4, 2005. (Doc. 13).

On March 23, 2005, Petitioner's counsel filed a motion requesting 120 days to review the file, to determine which issues are exhausted and unexhausted, and to prepare an amended federal petition and a motion for a stay of proceedings. (Doc. 10, p. 4). Petitioner also requested that the Court order Respondent to provide certain documents for counsel's review. (Id. at p. 7). Additionally, counsel requested that this Court "refrain from dismissing Petitioner's federal petition pending receipt of a more complete record and pending a complete evaluation of Petitioner's case and claims." (Id. at p. 3).

On March 31, 2005, the Court ordered Respondent to provide designated documents to Petitioner's counsel within thirty days; additionally, the Court granted Petitioner thirty days from the service of respondent's documents to file appropriate motions to move the case forward. (Doc. 11). Respondent has since provided the designated documents to Petitioner, and on May 25, 2005, Petitioner filed this motion to stay proceedings pursuant to Rhines v. Weber, 125 S.Ct. 1525 (2005). (Doc. 15). As of the date of this Order, Respondent has not filed any objection or response to Petitioner's motion.

**DISCUSSION**

A. Stay and Abey Motion.

Traditionally, a district court has had the discretion to stay a petition which it may validly consider on the merits. Calderon v. United States Dist. Court (Taylor), 134 F.3d 981, 987-988 (9th Cir. 1998); Greenawalt v. Stewar7, 105 F.3d 1268, 1274 (9th Cir.), *cert. denied*, 519 U.S. 1002 (1997). However, the Ninth Circuit has held that Taylor in no way granted "district courts carte blanche to stay even fully exhausted habeas petitions." Taylor, 134 F.3d at 988 n. 11. Granting a

stay is appropriate where there is no intention on the part of the Petitioner to delay or harass and in order to avoid piecemeal litigation. Id. In addition, the Ninth Circuit has indicated that it is proper for a district court, in its discretion, to hold a petition containing only exhausted claims in abeyance in order to permit the petitioner to return to state court to exhaust his state remedies. Kelly v. Small, 315 F.3d 1063, 1070 (9th Cir. 2004); Ford v. Hubbard, 305 F.3d 875, 882-883 (9th Cir. 2002); James v. Pliler, 269 F.3d 1124, 1126-1127 (9th Cir. 2002); Taylor, 134 F.3d 981.

Notwithstanding the foregoing jurisprudence on exhausted petitions, until recently, federal case law continued to require that the Court dismiss "mixed" petitions containing both exhausted and unexhausted claims. Rose v. Lundy, 455 U.S. 509 (1982). However, on March 30, 2005, the United States Supreme Court decided Rhines v. Weber, 125 S.Ct. 1528 (2005). Recognizing that "[a]s a result of the interplay between AEDPA's 1-year statute of limitations[1] and Lundy's dismissal requirement, petitioners who come to federal court with 'mixed' petitions run the risk of forever losing their opportunity for any federal review of their unexhausted claims," the Supreme Court held that federal courts may now issue "stay and abey" orders under appropriate circumstances to permit petitioners to exhaust unexhausted claims before proceeding with their federal petitions. Rhines, 125 S.Ct. at 1533-1534.

In so holding, the Supreme Court noted that, while the procedure should be "available only in limited circumstances," it "likely would be an abuse of discretion for a district court to deny a stay and to dismiss a mixed petition if the petitioner had good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics." Rhines, 125 S.Ct. at 1535. When a petitioner has met these requirements, his interest in obtaining federal review of his claims outweighs the competing interests in finality and speedy resolution of federal petitions. Id.

///

///

[1]The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA), 28 U.S.C. § 1244(d).

Here, Petitioner's counsel has requested and received additional documentation to facilitate counsel's review of the case. Moreover, counsel has identified six unexhausted claims that Petitioner wishes to exhaust in state court. (Doc. 15, p. 3). The motion further alleges that, on January 10, 2005, Petitioner initiated state habeas proceedings in the California Supreme Court that raise "significant federal constitutional questions concerning the denial of [Petitioner's] Sixth Amendment right to the effective assistance of counsel." (Id. at p. 5). Additionally, the motion indicates that Petitioner has remaining 107 days of the original one-year statute of limitations provided for in 28 U.S.C. 2254(d). (Id.). If the instant petition were dismissed as a "mixed" petition, the statute of limitations would in all likelihood expire before Petitioner could exhaust his remaining claims in state court, thus precluding the filing of a new habeas petition.

Finally, the Court notes that it has previously expressed its concerns about the Petitioner's mental competence to adequately represent himself and to comprehend these proceedings. In light of those concerns, the Court finds that there is good cause for Petitioner's failure to previously exhaust his unexhausted claims. It appears to the Court that Petitioner is attempting to exhaust his claims in a timely and expeditious manner and there is no indication that, in seeking this stay and abeyance, Petitioner intends to harass or delay the proceedings nor does it appear that Petitioner is engaging in dilatory conduct.

Moreover, although the Court is not prepared at this time to make an assessment of the merits of the remaining claims in the instant petition, a preliminary review of Grounds Four and Five in the instant petition, relating to jury unanimity and instructional error, suggests that Petitioner has alleged facial constitutional violations which are at least "potentially meritorious." Further, it appears that Petitioner, through appointed counsel, is proceeding in good faith and that no prejudice would inure to the parties by granting the requested stay. Hence, all three prerequisites identified by the United States Supreme Court for granting a stay have been satisfied. Rhines, 125 S.Ct. at 1535

Therefore, good cause having been presented and good cause appearing therefore, the Court will grant Petitioner's motion for a stay of the proceedings and will hold the petition for writ of habeas corpus in abeyance pending exhaustion of Petitioner's state remedies.

However, the Court will not indefinitely hold the petition in abeyance. See Taylor, 134 F.3d at 988 n. 11. No later than thirty (30) days after the date of service of this Order Petitioner must inform the Court of the status of the habeas proceedings in state court, including the dates his cases were filed, the case numbers, and any outcomes.[2] Further, Petitioner must proceed diligently to pursue his state court remedies, and every sixty (60) days after the filing of the initial status report Petitioner must file a *new* status report regarding the status of his state court habeas corpus proceedings. Following final action by the state courts, Petitioner will be allowed thirty (30) days within which to file a motion for leave to amend the instant petition to include the newly exhausted claims. Failure to comply with these instructions and time allowances will result in this Court vacating the stay *nunc pro tunc* to the date of this order. Kelly, 315 F.3d at 1071.

B. Motion for Voluntary Dismissal.

As it did in its March 31, 2005 order, the Court notes that Petitioner's motion for voluntary dismissal is still pending. (Doc. 7). Although logic would suggest that by requesting a stay in order to exhaust state remedies, Petitioner no longer wishes to voluntarily dismiss the instant Petition, the Court is reticent to leap to that conclusion on a silent record. Accordingly, Petitioner is ordered to file a motion that either requests leave to withdraw said motion or seeks a ruling by the Court; such motion to be filed within thirty (30) days from the date of service of this order.

**ORDER**

Accordingly, IT IS HEREBY ORDERED that:

1. Petitioner's motion to stay and abey the proceedings on the instant petition is GRANTED (Doc. 15);

2. Petitioner MUST FILE a status report within thirty (30) days of the date of service of this Order, advising the Court of the present status of all state habeas corpus proceedings related to this case. Thereafter, Petitioner must file a regular updated

[2] The filing should be entitled "Status Report."

status report every sixty (60) days after the filing of the initial status report.

3. Petitioner MUST FILE within thirty (30) days of the date of service of this Order either a motion to withdraw the motion for voluntary dismissal (Doc. 7), or a motion requesting a ruling on said motion.

IT IS SO ORDERED.

**Dated: June 24, 2005** **/s/ Theresa A. Goldner**

j6eb3d UNITED STATES MAGISTRATE JUDGE