UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| MANUEL SHOTWELL, | ) | 1:04-CV-6496 LJO JMD HC |
| | ) | |
| Petitioner, | ) | ORDER SCHEDULING EVIDENTIARY |
| | ) | HEARING |
| v. | ) | |
| | ) | ORDER DIRECTING CLERK OF COURT |
| A.A. LAMARQUE, | ) | TO CHANGE NAME OF RESPONDENT |
| | ) | |
| Respondent. | ) | |
| | ) | |

Petitioner is a state prisoner proceeding with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

Petitioner filed the instant Amended Petition on June 29, 2006. Petitioner argues, among other things, that his trial counsel was ineffective in failing to request a competency hearing, failing to properly investigate his medical and psychological records, and failing to assert a mental defense. Petitioner claims that his medical and psychological records show that he was not competent to stand trial and that he did not form the mental states of premeditation and malice aforethought. On September 19, 2006, Respondent filed its Answer to Petitioner's Amended Petition. On January 21, 2007, Petitioner filed a Traverse to Respondent's Answer.

On March 14, 2008, the Court ordered Respondent to supplement the record with an affidavit from trial counsel describing the investigation he made into Petitioner's mental state and explaining

his decision to forego a mental defense.  (Court Doc. 44.)

On May 6, 2008, Respondent filed the declaration from trial counsel.  Counsel's declaration acknowledges that he was aware that Petitioner "had some health issues, both physical and mental." (Decl. Michael Lukehart ¶ 8.)  Counsel states that he discussed Petitioner's mental condition with Petitioner's mother and with other members of the Kern County Public Defender's Office who had interviewed Petitioner.  (Id. ¶ 2, 5.)  Counsel states that he also reviewed 1) letters written to him by Petitioner; 2) "medical records, including records created both before and after Dr. Kimball Hawkins['s] 2/24/99 report"; and 3) other records such as Petitioner's rap sheet, booking records, and juvenile offender reports.  (Id. ¶ 3-5.)  Counsel states that, based on his review of the records and his interaction with Petitioner, he believed Petitioner to be capable of understanding the proceedings and of making rational decisions.  (Id. ¶ 6-7.)  Further, Petitioner wished to testify at trial and was "adamant that his defense was alibi."  (Id. ¶ 7 & n.3.)  Counsel therefore chose to forego a mental defense to avoid having to proceed with an uncooperative client and to avoid the introduction of highly prejudicial rebuttal evidence.  (Id. ¶ 8.)

On May 27, 2008, Petitioner filed a response to the declaration and a request seeking to further expand the record with three letters.

A.  Ineffective Assistance Claim

In a petition for writ of habeas corpus alleging ineffective assistance of counsel, the court must consider two factors.  Strickland v. Washington, 466 U.S. 668, 687 (1984); Lowry v. Lewis, 21 F.3d 344, 346 (9th Cir. 1994).  First, the petitioner must show that counsel's performance was deficient, requiring a showing that counsel made errors so serious that he or she was not functioning as the "counsel" guaranteed by the Sixth Amendment.  Strickland, 466 U.S. at 687.  The petitioner must show that counsel's representation fell below an objective standard of reasonableness, and must identify counsel's alleged acts or omissions that were not the result of reasonable professional judgment considering the circumstances.  Id. at 688; United States v. Quintero-Barraza, 78 F.3d 1344, 1348 (9th Cir. 1995).  Second, the petitioner must demonstrate that "there is a reasonable probability that, but for counsel's unprofessional errors, the result ... would have been different." Strickland, 466 U.S. at 694.

1       "The standard governing [requests for an evidentiary hearing] establishes a reasonably low
2 threshold for habeas petitioners to meet.  A habeas petitioner is entitled to an evidentiary hearing if:
3 (1) the allegations in his petition would, if proved, entitle him to relief; and (2) the state court trier of
4 fact has not, after a full and fair hearing, reliably found the relevant facts."  Phillips v. Woodford,
5 267 F.3d 966, 973 (9th Cir. 2001) (citations omitted); see also Smith v. McCormick, 914 F.2d 1153,
6 1170 (9th Cir. 1990) ("[W]here a petitioner raises a colorable claim of ineffective assistance, and
7 where there has not been a state or federal hearing on this claim, we must remand to the district court
8 for an evidentiary hearing.").

9       Petitioner has presented evidence demonstrating that he may have been incompetent to stand
10 trial and that he may not have formed the mental states required for his conviction.  The evidence
11 includes 1) a February 24, 1999 psychological evaluation by Dr. Kimball Hawkins which found,
12 among other things, that Petitioner was mildly mentally retarded, that he suffered from a personality
13 disorder, and that he did not appear to be competent to stand trial; 2) a psychological evaluation from
14 December 14, 1993 which similarly found Petitioner to be mildly mentally retarded and incompetent
15 to stand trial; and 3) other records from 1986 to 1991 noting that Petitioner had various
16 psychological problems such as a depressed mood, suicidal/homicidal ideations, and auditory and
17 visual hallucinations.  (Excerpts of Record, Ex. 2 at 29-40.)

18       Counsel states that he "acquired and reviewed [Petitioner's] medical records," but he does
19 not specifically identity which records were reviewed or what facts were disclosed by the records that
20 supported his decision to forego a mental defense.  Further, counsel states that he "considered and
21 rejected potential mental defenses," but there is no indication of what, if any, steps he took to obtain
22 the assistance of a mental health professional in considering the medical records or assessing
23 Petitioner's current mental condition.  Counsel's declaration lacks the factual specificity for the
24 Court to determine whether he conducted an adequate investigation into Petitioner's mental
25 condition before deciding to assert an alibi defense.  Jennings v. Woodford, 290 F.3d 1006, 1013-15,
26 1019 (9th Cir. 2002) (stating that counsel was obliged to thoroughly investigate the merits of a
27 mental defense before deciding to forego such a defense in favor of an alibi defense); Phillips v.
28 Woodford, 267 F.3d 966, 980 (9th Cir. 2001) (stating that counsel's decision to select one defense

over another must be based on reasonable investigation).

Accordingly, the Court will conduct an evidentiary hearing on the issue of counsel's investigation into Petitioner's mental condition and his decision to forego a mental defense. Rule 8(a) of the Rules Governing Section 2254 Cases; <u>Townsend v. Sain</u>, 372 U.S. 293, 313, 318 (1963).

### B. Proper Respondent

Respondent states that Petitioner is currently housed at Salinas Valley State Prison and that the Warden of that institution is Mike Evans. (Answer at n.1.) Pursuant to Rule 25 of the Federal Rules of Civil Procedure, the Clerk will be directed to substitute Mike Evans as Respondent in this matter.

For the foregoing reasons, the Court HEREBY ORDERS that:

1) an evidentiary hearing is ORDERED set for **April 27, 2009, at 8:45 a.m., before the undersigned**; and

2) The Clerk of Court is DIRECTED to substitute Mike Evans as Respondent in this matter.

IT IS SO ORDERED.

**Dated:   June 25, 2008**                              /s/ John M. Dixon
                                                      UNITED STATES MAGISTRATE JUDGE